IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DAVID L. BROWN, JR.,

        Plaintiff,

v.                                No. CIV 11-443-RAW

CINDY SMITH and
JANE DOE,

        Defendants,

FILED
JAN 1 3 2012
WILLIAM ... GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

## OPINION AND ORDER
## DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff David L. Brown, Jr., a former prisoner appearing pro se and seeking to bring a civil rights action, has filed a motion for leave to proceed *in forma pauperis* and supporting affidavit in conformance with 28 U.S.C. § 1915(a). A review of his litigation history, however, indicates he has accumulated at least three prior civil rights actions that count as "strikes," pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

*Brown v. Branson*, No. CIV 94-003-JHP (E.D. Okla. Sept. 27, 1994), *aff'd*, No. 94-7153 (10th Cir. June 5, 1995), was dismissed for qualified immunity and failure to show a constitutional claim. *Brown v. Barnhill*, No. CIV 94-034-JHP (E.D. Okla. Sept. 27, 1994), *aff'd*, No. 94-7149 (10th Cir. April 6, 1995), was dismissed for the same reasons as CIV 94-

003-JHP. In addition, *Brown v. Green*, No. CIV 94-521-FHS-JHP (E.D. Okla. June 14, 1995), was dismissed because the claims were barred by res judicata. Although plaintiff has been released from custody, the three-strike rule still applies, because he "brought" this action while incarcerated. *See Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010) ("Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently.").

Plaintiff alleges in his complaint that the Court Clerk for Pittsburgh County and a certified court reporter for the same county denied him due process, equal protection of the law, and access to the courts with respect to his petition for a writ of habeas corpus. The court, however, finds his allegations fail to set forth a credible claim that he is in imminent danger of serious physical injury and that he qualifies for the exception in 28 U.S.C. § 1915(g).

**ACCORDINGLY,** plaintiff's motion for leave to proceed *in forma pauperis* [Docket No. 2] is DENIED. Plaintiff is directed to forward the **$350.00** filing fee to the Court Clerk within twenty (20) days. Failure to comply with this order will result in dismissal of this action.

**IT IS SO ORDERED** this 13th day of January 2012.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

2